**IT IS ORDERED as set forth below:**



Date: June 5, 2023

_____
**Wendy L. Hagenau**
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 21-50335-WLH |
| | ) | |
| ALICIA JO REIDER, | ) | CHAPTER 7 WLH |
| | ) | |
| Debtor. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |
| S. GREGORY HAYS, Chapter 7 Trustee for the Estate of Alicia Jo Reider, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. 23-5004-WLH |
| | ) | |
| JUDY B. REIDER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AUTHORIZING AND DIRECTING MEDIATION**

In a motion filed by the parties on May 31, 2023 [Docket No. 5], the Plaintiff and the Defendant requested that disputes between them be dealt with in mediation. It appears that the

1

most productive form of mediation is to designate a current bankruptcy judge with no assignment or responsibility for these proceedings as a settlement judge to serve as a neutral mediator and that Bankruptcy Judge Sage M. Sigler of this Court is qualified and suitable to serve in that capacity. For good cause shown, it is hereby **ORDERED** as follows:

1. The parties to this matter shall mediate the issues and disputes presented in this contested matter. Bankruptcy Judge Sage M. Sigler is hereby designated as a settlement judge with regard to this matter for the purpose of conducting mediation proceedings as the neutral mediator. Such mediation should be conducted at a time and place in accordance with procedures mutually agreed upon by the parties and Judge Sigler.

2. Because Judge Sigler will be serving as a neutral mediator in this matter and because the nature of the mediation process requires *ex parte* contacts and communications between the neutral mediator and each of the sides, the prohibitions of Fed. R. Bankr. P. 9003 do not apply to communications among the parties, their attorneys, and Judge Sigler in connection with the mediation proceedings. The parties and their attorneys may, therefore, have *ex parte* communications with Judge Sigler in her capacity as the neutral mediator in connection with the mediation proceedings.

3. All communications made by the parties or their attorneys to each other or to Judge Sigler in connection with the mediation process, the conduct and demeanor of the parties and their counsel during the mediation, and any documents prepared or produced in connection with the mediation process, including Judge Sigler's notes or records, shall be confidential and shall not be admissible in evidence or the subject of any discovery in any proceeding (unless admissible or discoverable without regard to the mediation). The mediation sessions and any conferences or proceedings in connection therewith shall be treated as compromise negotiations for purposes of the Federal Rules of Evidence, the

Georgia Rules of Evidence or any other rules of evidence of any jurisdiction.  No record will be made of the mediation proceedings.  Judge Sigler is disqualified from appearing as a witness in any matter and shall not be called as a witness, with regard to the mediation or any matter arising out of or related thereto.

### ### END OF ORDER ###

**DISTRIBUTION LIST**

Gregory Hays, Chapter 7 Trustee
for the Estate of Alicia Jo Reider
2964 Peachtree Rd NW, Ste 555
Atlanta, GA 30305-2153

Michael J. Bargar
Rountree Leitman Klein & Geer LLC
Century Plaza I
2987 Clairmont Road, Ste 350
Atlanta, GA 30329

Brian S. Limbocker
Limbocker Law Firm, LLC
Bldg. 100 - Ste 140
2230 Towne Lake Parkway
Woodstock, GA 30189